UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORICAN GROUP NORTH AMERICA, INC., | Case No. 2:25-cv-01403 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| BLAST CLEANING TECHNOLOGIES, INC. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Norican Group North America, Inc. ("Norican"), by and through its undersigned counsel, sets forth its Complaint below against Blast Cleaning Technologies, Inc. ("BCT"). Norican has brought this action to stop BCT's infringement of Norican's U.S. Patent Nos. 9,242,251 (the "'251 Patent") and 9,370,781 (the "'781 Patent") and recover damages for BCT's use of Norican's patented technology. Norican alleges as follows:

## PARTIES

1. Norican is a Delaware corporation with its principal place of business at 1606 Executive Drive, LaGrange, Georgia.

2. On information and belief, Defendant BCT is a Wisconsin corporation having a principal place of business at 6682 W. Greenfield Ave., West Allis, Wisconsin.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over BCT because BCT is incorporated in Wisconsin and has a principal place of business in this District.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because BCT is incorporated in, and thus resides in, Wisconsin and has a principal place of business in this district.

## NORICAN'S '251 AND '781 PATENTS

6. Norican, formerly known as Wheelabrator Group, Inc.,[1] is a world leader in shot blasting equipment used for surface preparation in a wide range of industries, including the foundry industry, as a part of a manufacturing process. Surface preparation is a process for removing surface contaminants, roughening the surface for better adhesion, and for exposing clean metal substrate with consistent surface profile. Wheel shot blasting is a mechanical technique in surface preparation that propels abrasive media at high velocity onto a metal surface using a blast wheel or compressed air system. In wheel shot blasting, a spinning wheel propels abrasive media such as metallic shot against a surface to be treated at high speed. The shot abrades a layer of the surface, removing loose material, grease, and other contaminants. .

7. Typically, when metallic shot is used in a wheel blasting machine, the metallic shot is recycled, as it generally remains intact and is reusable. Small metallic particles may break off of the shot, however, and the debris that is blasted off of the surface further contaminates the shot. Accordingly, technology has been developed to separate the shot from the debris.

8. One such technology, known as "magnetic separation," involves dropping contaminated media over a rotating magnetic drum, whereby the drum attracts the ferromagnetic

---

[1] Wheelabrator Group, Inc. changed its name to Norican Group North America, Inc. on April 1, 2025. *See* Fourth Certificate of Amendment to the Certificate of Incorporation of Wheelabrator Group, Inc., attached hereto as Exhibit A.

components such as the shot while allowing non-magnetic components to drop past the drum. The magnetic components rotate past the point where the non-magnetic materials fall through and are removed from the magnetic drum at a point further around the drum, where the shot is separated from the magnetic fine particles, for example, by blasting the dropping mix with air that will blow the smaller particles out of the dropping shot.

9. One step in this process involves ensuring a steady flow of contaminated media across the full length of the magnetic drum. Typically, this is accomplished by dropping contaminated media into a hopper having a rotating auger-type of drum that spreads contaminated media across the length of the hopper, which matches the length of the magnetic drum positioned below the hopper. While this serves to spread the contaminated media, inconsistent in-flow of media can result in uneven distribution, which can cause uneven wear on the magnetic drum and other problems with the separation process.

10. Aware of these issues, Norican worked on refining its magnetic separator to address the problem.

11. On January 30, 2013, Michael D. Reaves and David W. Howard filed a utility patent application, United States Serial Number 13/754,273 (the "'273 Application").

12. On January 26, 2016, after full and fair examination, the '273 Application was issued by United States Patent and Trademark Office as the '251 Patent, entitled "Magnetic Separator With Dynamic Baffle System." A true and correct copy of the '251 Patent is attached as Exhibit B.

13. On January 26, 2016, Michael D. Reaves and David W. Howard filed a utility patent application, United States Serial Number 15/006,401 (the "'401 Application"). This application was a division of the '273 Application.

3

14. On June 21, 2016, after full and fair examination, the '401 Application was issued by United States Patent and Trademark Office as the '781 Patent, entitled "Magnetic Separator With Dynamic Baffle System." A true and correct copy of the '781 Patent is attached as Exhibit C.

15. Norican holds all right, title, and interest in the '251 and '781 Patents with full rights to enforce the '251 and '781 Patents and sue and recover for past, present, and future infringement.

16. The '251 and '781 Patents claim magnetic separators that included a movable, dynamic baffle that is automatically opened and closed based on sensors sensing the level of material contained in a hopper of the separator. By keeping the baffle closed when the level of media is low, this new technology allows the rotary screen drum to spread incoming contaminated media across the full length of the hopper/magnetic drum. A sensor that detects the presence of contaminated media triggers the baffle to open, allowing contaminated media to fall to the magnetic drum below, across the length of the magnetic drum.

17. BCT is a direct competitor of Norican in the wheel shot blasting market.

18. Recently, Norican discovered that BCT was, and is, making, selling, and offering for sale magnetic separators that include an automatically-adjustable baffle that opens and closes in response to a sensor.[2]

19. Norican has since discovered that CP Metcast, Inc. ("CP Metcast") obtained a patent, U.S. Patent No. 10,179,389 (the "'389 Patent") covering a magnetic separator with a dynamic baffle and multiple sensors. A copy of the '389 Patent is attached hereto as Exhibit D.

---

[2] A copy of a page from BCT's Website (accessed August 12, 2025) identifying BCT's Magnetic Separation products that include the automatically-adjustable baffle that opens and closes in response to a sensor is attached hereto as Exhibit G.

4

20. On information and belief, CP Metcast is an affiliate of BCT, shares a principal place of business with BCT, and was formed and is run by BCT founder Carl Panzenhagen, who is the sole named inventor on the '389 Patent.

21. During prosecution of the '389 patent, on May 3, 2018, the examiner rejected all claims over U.S. 9,539,585 (the "'585 Patent") to Reaves and Howard. That patent is a continuation of the '781 patent, and shares the same specification.[3] On August 3, 2018, CP Metcast's counsel amended the claims and argued extensively about the contents of the '585 patent. On information and belief, BCT was aware of the '251 and '781 Patents at least as early as May 3, 2018, by virtue of the citation to the related '585 Patent and considerable commentary related to it by CP Metcast's counsel. A true and correct copy of the May 3, 2018 Office Action and the August 3, 2018 Amendment is attached hereto as Exhibit E.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,242,251

22. Norican repeats and realleges the preceding paragraphs of this Complaint as though fully repeated here.

23. BCT manufactures and sells magnetic separation products (the "Accused Products") that infringe one or more claims of the '251 Patent, as set forth in Exhibit F hereto.

24. BCT has infringed, and continues to infringe, the '251 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Accused Product.

25. As demonstrated in the claim chart attached as Exhibit F hereto, each and every element of at least independent claim 1 of the '251 Patent is present in the Accused Product, either literally or through the doctrine of equivalents.

---

[3] The '585 Patent lapsed in February of 2025 for non-payment of maintenance fees.

26. On information and belief, BCT had actual notice of the '251 Patent at least as early as May 3, 2018.

27. BCT's infringement of the '251 Patent has been, and continues to be, willful, intentional, and purposeful, in disregard of Norican's rights.

28. BCT's infringement will continue to damage Norican's business, causing irreparable harm for which there is no adequate remedy at law, unless BCT's wrongful acts are enjoined by this Court.

29. BCT's infringement has caused and continues to cause damage to Norican, and Norican is entitled to recover damages pursuant to 35 U.S.C. § 284.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,370,781

30. Norican repeats and realleges the preceding paragraphs of this Complaint as though fully repeated here.

31. Use of the Accused Products infringes one or more claims of the '781 Patent, as set forth in Exhibit F hereto.

32. The Accused Products have no substantial non-infringing use.

33. BCT has directly and/or indirectly infringed, and continues to directly and/or indirectly infringe, the '781 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Accused Product.

34. BCT has actively induced infringement, and is currently actively inducing infringement, of the '781 Patent under 35 U.S.C. § 271(b) by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to use and sell the Accused Product.

35. BCT has contributed to infringement, and is currently contributing to infringement, of the '781 Patent under 35 U.S.C. § 271(c) by selling and/or offering to sell and/or importing into the United States, without license or authority, the Accused Product.

36. As demonstrated in the claim chart attached as Exhibit F hereto, each and every element of at least independent claim 1 of the '781 Patent is performed through use of the Accused Product, either literally or through the doctrine of equivalents.

37. On information and belief, BCT had actual notice of the '781 Patent at least as early as May 3, 2018.

38. BCT's infringement of the '781 Patent has been, and continues to be, willful, intentional, and purposeful, in disregard of Norican's rights.

39. BCT's infringement will continue to damage Norican's business, causing irreparable harm for which there is no adequate remedy at law, unless BCT's wrongful acts are enjoined by this Court.

40. BCT's infringement has caused and continues to cause damage to Norican, and Norican is entitled to recover damages pursuant to 35 U.S.C. § 284.

## EXCEPTIONAL CASE DETERMINATION

36. This is an exceptional case entitling Norican to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Norican prays for an order entering judgment against BCT as follows:

A. For judgment that the '251 Patent has been and continues to be infringed by BCT;

B. For judgment that the '781 Patent has been and continues to be infringed by BCT;

C. For an injunction, preliminarily enjoining BCT, its officers, agents, employees, and attorneys, and all persons acting in concert or participation with BCT from further acts of infringement while this litigation is pending;

D. For an injunction, permanently enjoining BCT, its officers, agents, employees, and attorneys, and all persons acting in concert or participation with BCT from further acts of infringement;

E. That Norican be awarded damages adequate to compensate it for BCT's infringement pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

F. For enhanced damages pursuant to 35 U.S.C. § 284;

G. For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H. For Norican's costs and expenses in this matter; and

I. For any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Norican demands a trial by jury of this action.

Dated: September 12, 2025         Respectfully submitted,

/s/ *Christopher R. Liro*
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Telephone: (414) 271-7590
Fax: (414) 271-5770


OF COUNSEL (request for admission to be filed):

Thomas P. McNulty (BBO # 654,564)
**LANDO & ANASTASI, LLP**
60 State Street – 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617)-395-7070
tmcnulty@lalaw.com
emailservice@lalaw.com


*Attorneys for Plaintiff Norican Group North America, Inc.*